OPINION
{¶ 1} Appellant Ronald Bachman appeals the classification of the Stark County Common Pleas Court adjudicating him as a sexual predator.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 4, 1995, the Stark County Grand Jury indicted appellant, Ronald Bachman, on four counts of rape, one count of sexual battery, one count of corruption of a minor and one count of gross sexual imposition. The four counts of rape each contained a force specification.
 {¶ 3} Appellant was charged with sexually abusing his natural daughter. The abuse began when she was five years old when she awoke to find her father had pulled her pajama bottoms down and was fondling her vagina. He then had her perform fellatio on him until he ejaculated. This pattern of abuse continued with Appellant fondling his daughter approximately four times a month and having her perform fellatio on him about once a month. During this time period, Appellant repeatedly attempted to have sexual intercourse with his daughter but he was unable to accomplish same due to her small size. Appellant next began to perform oral sex on his daughter about every four months or so until she was in the fourth grade, when he began to have vaginal and anal intercourse with her. By the time she was in the eighth grade, Appellant was having sexual intercourse with his daughter about once a week. At one point, Appellant promised her daughter that he would stop when she started to have her period, however, once she began menstruating, he continued to have sexual intercourse with her, wearing condoms for a short period of time but then discontinuing such use after having one break. This abuse continued until she disclosed the abuse when she was seventeen.
 {¶ 4} Appellant pled not guilty to the charges.
 {¶ 5} The case proceeded to a jury trial which found him guilty as charged in the indictment.
 {¶ 6} By Judgment Entry filed July 27, 1995, and a Nunc Pro Tunc Entry filed August 29, 1995, the trial court sentenced appellant to the mandatory life sentences on the four rape convictions and imposed a determinate term of two years on all the remaining charges. The sentences were then either merged or imposed to run concurrently with each other.
 {¶ 7} In April, 2004, an action was filed in the Stark County Court of Common Pleas recommending that Appellant be classified as a sexual predator.
 {¶ 8} On April 12, 2004, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed April 20, 2004, the trial court classified appellant as a "sexual predator."
 {¶ 9} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 ASSIGNMENTS OF ERROR {¶ 10} "I. The trial court erred in classifying appellant as a sexual predator without a record of clear and convincing evidence to support said finding.
 {¶ 11} "II. The trial court erred in classifying appellant as a sexual predator due to appellant receiving ineffective assistance of counsel."
 I. {¶ 12} Appellant claims the trial court erred in classifying him as a sexual predator. We disagree.
 {¶ 13} Specifically, Appellant claims that the trial court's determination that he is a sexual predator is not supported by clear and convincing evidence.
 {¶ 14} In Cook, supra, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 15} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 16} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 17} "(a) The offender's or delinquent child's age;
 {¶ 18} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 19} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 20} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 21} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 22} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 23} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 24} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 25} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 26} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 27} At the classification hearing, the trial court heard oral arguments from the prosecutor and Appellant's counsel. The trial court also had before it extensive briefs from both sides as well as the transcript of the entire trial which included the testimony of the victim as well as her brother, an ex-girlfriend of Appellant's who lived with Appellant and the victim, one of the victim's teachers, the victim's school counselor, the victim's temporary foster parent, an investigator with the Stark County Department of Human Services, the investigating detective from the Stark County Sheriff's Department and a friend of the victim's.
 {¶ 28} The court noted that at the time the abuse began, the victim was five years old and Appellant was twenty-four years old. (July 7, 2004, T. at 18). The victim was Appellant's biological daughter. (Id. at 19). The abuse continued repeatedly and unrelentingly for twelve years. Id. The sexual abuse included fondling, fellatio, cunnilingus, anal and vaginal intercourse. Id. Appellant never showed any remorse for his conduct. Id. Appellant demonstrated further cruelty by promising to stop abusing her when she started menstruating and then disregarding his promise by continuing the abuse. (Id. at 19-20).
 {¶ 29} In classifying appellant a sexual predator, the trial court held the following:
 {¶ 30} "* * * The sexual abuse is extremely well documented. And the Court finds that this case is one of the most compelling cases that this Court has ever seen for a classification of the Defendant as a sexual predator. Any other classification would be wholly inadequate. (July 7, 2004, T. at 10).
 {¶ 31} "* * *
 {¶ 32} "There is not other appropriate classification in this case other than sexual predator. And the Court find that the evidence goes beyond clear and convincing to support that classification." (July 7, 2004, T. at 20).
 {¶ 33} "* * *
 {¶ 34} "This is a sexual predator. The Court is adjudicating the Defendant as a sexual predator. And just to make it clear, normally this Court will talk in terms of the duty of a parent to nurture the parent's child or the child. In this case this relationship does not even remotely come close to reflecting a natural parent, child relationship. This child seemed to have — seemed to exist solely for the sexual gratification of her father, the Defendant in this case. And sexual predator is, in fact, the Court's determination." (July 7, 2004, T. at 20-21).
 {¶ 35} Upon review of the record, we find the trial court did consider the factors enumerated in R.C. 2950.09(B)(3), and its conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
 {¶ 36} Appellant's first assignment of error is denied.
 II. {¶ 37} In his second assignment of error, appellant claims he was denied the effective assistance of counsel. We disagree.
 {¶ 38} Appellant argues that his attorney did nothing at his hearing except agree with the prosecutor and the court that Appellant should be labeled as a sexual predator.
 {¶ 39} Upon review of the classification hearing transcript, we find that Appellant's counsel did not go as far as to concede to the classification.
 {¶ 40} Appellant's counsel did make a statement to the court at the beginning of the hearing that his client has requested that he subpoena a number of people, including the trial judge, Judge James Gwin, two local attorney, a law school professor and the victim in this matter. (July 7, 2004, T. at 5). Counsel informed the court that he refused to do so because it was his understanding that Appellant wished to argue his innocence. (Id. at 5, 14).
 {¶ 41} We note that the transcript reveals that Appellant made numerous attempts at the hearing to re-litigate his conviction in this matter.
 {¶ 42} Appellant has failed to state what defense his attorney should have put forth on his behalf at the classification hearing.
 {¶ 43} In order to establish ineffective assistance of counsel, appellant must demonstrate the following:
 {¶ 44} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v.Lytle (1976), 48 Ohio St.2d 391, Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 45} "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id.
 {¶ 46} We find no showing by Appellant that a defense of any sort would have affected the outcome of the proceeding.
 {¶ 47} Assignment of Error II is denied.
 {¶ 48} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Boggins, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.